IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                Plaintiff,<br><br>vs.<br><br>KEITH A. HILL,<br><br>                Defendant. | 8:24–CR–15<br><br>**ORDER ON DEFENDANT'S MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE PURSUANT TO** 28 U.S.C. § 2255 |

This matter is before the Court to conduct an initial review of the defendant's *pro se* Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255. Filing 101. The Court sentenced the defendant to a cumulative term of 194 months' incarceration following his guilty pleas to Hobbs Act robbery, brandishing a firearm during and in relation to a crime of violence, and being a felon in possession of a firearm. Filing 99 (Judgment).

The judge receiving a motion to vacate under 18 U.S.C. § 2255 must first determine if "it plainly appears from the motion, any attached exhibits, and the record of prior proceedings that the moving party is not entitled to relief." *See* Rule 4(b) of the Rules Governing Section 2255 Proceedings. "Unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief," the Court must order the United States to respond and consider holding a hearing. 28 U.S.C. § 2255(b); *see also* Rule 4(b) of the Rules Governing Section 2255 Proceedings.

In his Motion, the defendant raises several grounds for habeas relief, mostly related to alleged ineffective assistance of counsel. Filing 101. The Court declines to rule on the grounds related to ineffective assistance at the initial review stage, and the Government shall respond to these allegations. But one claim is subject to dismissal at this stage: Ground VII, which alleges that "the conviction for brandishing a firearm in furtherance of a crime of violence under § 924(c)

1

is legally invalid, as Hobbs Act robbery no longer qualifies categorically as a 'crime of violence.'" Filing 101 at 3–4. The defendant was not charged with *attempted* Hobbs Act robbery; to the contrary, his conviction for "a completed Hobbs Act robbery is a crime of violence." *Green v. Garland*, 79 F.4th 920, 923 (8th Cir. 2023). For Ground VII, the Court concludes that it "plainly appears" he is not entitled to relief. The Court defers ruling on the defendant's remaining grounds and deciding whether it is necessary to hold an evidentiary hearing until it has reviewed the United States' response. Accordingly,

IT IS ORDERED:

1. Ground VII of the defendant's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255, Filing 101, is dismissed; and

2. The United States shall respond to the defendant's remaining grounds in his Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255, Filing 101, no later than August 21, 2025.

Dated this 21st day of July, 2025.

BY THE COURT:

_____
Brian C. Buescher
United States District Judge